Appellant, Roy Crossfield, contends that he should have been allowed to intervene on behalf of his mother to have the sale of the property set aside. He was allowed to intervene with regard to the distribution of the proceeds of the sale, and neither party questions that order.[1]
I think that intervention in the action to set aside the sale, under either A.R.Civ.P. 24 (a) or 24 (b), would have been inappropriate. Crossfield in his brief makes no attempt to articulate his interest that makes intervention of right appropriate under Rule 24 (a)(2). While it may be that he has some inchoate interest in the property of his mother, he does not argue that any such interest exists. He simply seeks to advance his mother's interests.
The conditions necessary for intervention under Rule 24 (a)(2) are analogous to the conditions necessary for joinder under A.R.Civ.P. 19 (a)(2)(i). See 1 C. Lyons, Alabama Practice
482 (1973); 3B J. Moore and J. Kennedy, Moore's FederalPractice ¶ 24.07[1] (2nd ed. 1985). Rule 19 (a)(2)(i) makes it clear that the interest Crossfield must show is the intervenor's own interest, not an interest of an individual already a party in the case. For similar reasons, permissive intervention under A.R.Civ.P. 24 (b)(2) is also inappropriate, because Crossfield does not advance a claim or defense of his own that has a question of law or fact in common with the main action.
JONES, J., concurs.
[1] Because neither party argues that that order was wrong, it need not be addressed on appeal. However, I believe my analysis as to intervention in the action to set aside the sale is equally applicable to intervention in the action to distribute the proceeds. *Page 24